■ PRISCILLA PRESLEY et al., as Coexecutors of the Estate of ELVIS PRESLEY, Deceased, Appellants, v COUNTY OF NASSAU et al., Defendants, and STATE OF NEW YORK, Respondent.—In an action to recover unclaimed ticket proceeds in the possession of the defendant Nassau Veterans' Memorial Coliseum, the

plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered October 25, 1990, which granted the motion of the defendant State of New York for summary judgment and directed that all but $5,000 of the proceeds be paid to the State's abandoned property fund.

Ordered that the judgment is affirmed, with costs payable to the respondent by the appellants.

Fifteen years after Elvis Presley's death resulted in the cancellation of a concert to be held at the Nassau Veterans' Memorial Coliseum, approximately $85,930 in ticket proceeds remain unclaimed. The plaintiffs have claimed this sum, and the State of New York has claimed the proceeds as abandoned property.

We agree with the Supreme Court that the ticket proceeds represent money paid "for services not rendered * * * owing in this state", and are thus to be paid into the State's abandoned property fund (see, Abandoned Property Law § 1315 [1]). We also agree that the memorabilia value of the tickets, even if proven, would not affect the rights of the holders to a refund or the rights of the State under the Abandoned Property Law, whereby the State acts as custodian of property for the rightful owner (see, Presley v City of Memphis, 769 SW2d 221 [Tenn]; see generally, Matter of New York Univ. [Moore], 271 App Div 131, affd 296 NY 913).

While the State did not originally appear in this action, there is no limitation period for its claims under the Abandoned Property Law (see, Abandoned Property Law § 1400), and the court properly exercised its power to add the State as a party in the interest of judicial economy (see, CPLR 1003). Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur. [See, 148 Misc 2d 125.]